LEYSON v KRAUSE

Docket No. 78-3663. Submitted June 7, 1979, at Detroit.—Decided October 2, 1979.

Kathleen Leyson had her appendix removed by John J. Krause, M.D., in 1964. Approximately two weeks and two days later the surgical wound had apparently become infected and was surgically reopened and drained. In 1968, Kathleen married and after a year consulted a gynecologist regarding her inability to have children. The gynecologist discovered that scarring, or adhesions, in the area around Kathleen's fallopian tubes prevented the ovum from dropping into the uterus. In 1971, Kathleen underwent surgery to relieve some of the adhesions. On October 7, 1974, she read a newspaper article about a lawsuit involving a similar fact situation. On April 14, 1975, Kathleen and her husband, Dennis Leyson, brought an action against Dr. Krause and the Drayton Clinic alleging malpractice in failing to diagnose appendicitis in timely fashion and in failing to employ proper procedures to diagnose and to treat the subsequent infection. The complaint included a demand for a jury trial. Defendant, Dr. Krause, filed a motion for accelerated judgment on grounds that plaintiffs' action was barred by the statute of limitations. Motion granted, Wayne Circuit Court, Thomas Roumell, J. Plaintiffs appeal. Plaintiffs contend that Kathleen knew the scarring was connected with her appendectomy but not that it was the result of defendant's wrongful conduct and that the question of whether plaintiff

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 181-185.

Statute of limitations applicable to malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 320.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

[2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 213.

73 Am Jur 2d, Summary Judgment § 6.

Propriety of granting summary judgment in case involving issue of gross or wanton negligence. 50 ALR2d 1309.

knew or should have learned of the malpractice in 1971 is one of fact for the jury. Defendants argue that Kathleen discovered, or in the exercise of reasonable diligence should have discovered, defendants' alleged malpractice no later than 1971, when the adhesions were surgically relieved. *Held:*

Where a factual issue exists and a timely demand for a jury trial has been made, a motion for accelerated judgment should not be granted in a medical malpractice action. Kathleen knew that the scarring was connected with the 1964 appendectomy and of the resulting harm no later than 1971. What Kathleen did not know was that the scarring and subsequent surgery to relieve adhesions was the result of Dr. Krause's wrongful conduct and thus constituted malpractice. Whether Kathleen knew or should have learned of the malpractice in 1971 is a question of fact for the jury.

Reversed and remanded.

1. NEGLIGENCE — MALPRACTICE — LIMITATION OF ACTIONS — TERMINATION OF SERVICES — DISCOVERY OF INJURY — STATUTES.

An action based on malpractice by a state licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later (MCL 600.5805, 600.5838; MSA 27A.5805; 27A.5838).

2. JUDGMENT — NEGLIGENCE — ACCELERATED JUDGMENT — MALPRACTICE — MOTIONS — QUESTION OF FACT — DEMAND FOR JURY.

A motion for accelerated judgment should not be granted in a medical malpractice action where a factual issue exists and a timely demand for a jury trial has been made.

3. NEGLIGENCE — MALPRACTICE — PHYSICIANS AND SURGEONS — DISCOVERY OF MALPRACTICE — CIRCUMSTANCES OF DISCOVERY.

A person must know of the act or omission itself and have good reason to believe the act itself was improper or was done in an improper manner in order to discover asserted malpractice; mere knowledge of the act will be sufficient, under certain circumstances, where it alone gives good reason to believe the act was improper; however, a person may know of both the act and some resulting pain but not be aware of any wrongdoing by the physician or surgeon.

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard),* for plaintiffs.

*Schureman, Frakes, Glass & Wulfmeier* (by *Gregory M. Bereznoff* and *Lee H. Wulfmeier*), for defendants.

Before: R. M. Maher, P.J., and Bronson and A. E. Moore,* JJ.

Per Curiam. Plaintiffs appeal from the order of the trial court granting defendants' motion for accelerated judgment on grounds that plaintiffs' medical malpractice claim was barred by the statute of limitations. We reverse.

The factual background of the case, as set out in the pleadings and depositions, is as follows: Plaintiff Kathleen Leyson (hereinafter plaintiff) consulted defendant Krause (hereinafter defendant) in February of 1964, regarding pain in her lower abdomen. Defendant diagnosed the problem as a strain and prescribed treatment with heat. When plaintiff's condition failed to improve, she again consulted defendant, who hospitalized plaintiff and removed her appendix. Plaintiff was discharged from the hospital approximately two weeks after her appendectomy, but two days later was readmitted. The surgical wound had apparently become infected, and was surgically reopened and drained. In 1968, plaintiff married; one year later, she consulted a gynecologist regarding her inability to conceive. Upon investigation, the gynecologist discovered that scarring, or adhesions, in the area around plaintiff's fallopian tubes prevented the ovum from dropping into the uterus, thus rendering plaintiff unable to conceive. In 1971, plaintiff underwent surgery to relieve some of the adhesions.

In her deposition, plaintiff testified that she

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

understood that her sterility was caused by the scarring around her tubes and that she thought that the scarring was the result of the appendectomy performed by defendant in 1964. She thought no more of the matter, however, until October 7, 1974, when she read a newspaper article about a lawsuit involving a similar fact situation. On April 14, 1975, plaintiff filed a complaint against defendant alleging malpractice in failing to diagnose appendicitis in timely fashion and in failing to employ proper procedures to diagnose and to treat the subsequent infection. The complaint included a demand for a jury trial.

Defendant filed a motion for accelerated judgment under GCR 1963, 116.1(5), on grounds that plaintiff's complaint was barred by the statute of limitations, MCL 600.5805; MSA 27A.5805 and MCL 600.5838; MSA 27A.5838, as interpreted in *Dyke v Richard,* 390 Mich 739; 213 NW2d 185 (1973):

"[A]n action based on malpractice by a state licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later." *Dyke, supra,* at 747.[1]

Defendant argued successfully in the trial court and urges on appeal that plaintiff's deposition testimony establishes that she discovered, or in the exercise of reasonable diligence should have discovered, defendant's alleged malpractice no later

---

[1] MCL 600.5838; MSA 27A.5838 was amended effective July 9, 1975, to provide a six-month limitation period for malpractice discovered (or discoverable) more than two years after treatment is discontinued. However, the *Dyke v Richard* rule is clearly applicable to the case at bar. See *Farris v Beecher,* 85 Mich App 208; 270 NW2d 658 (1978).

than 1971, when the adhesions were surgically relieved. Plaintiff, on the other hand, maintains that the deposition reveals only that plaintiff knew that the scarring was connected with the appendectomy, not that it was the result of defendant's wrongful conduct and thus constituted malpractice, and that the question whether plaintiff knew or should have learned of the malpractice in 1971 is one of fact for the jury.

GCR 1963, 116.3 provides that, as to motions for accelerated judgment grounded in Rule 116.1(5),

"the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment upon the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits, * * * and *shall* postpone the hearing if a jury trial has been demanded pursuant to right on or before the day of the hearing." (Emphasis added.)

Clearly, if the question of when plaintiff discovered or should have discovered the alleged malpractice is a question of fact, the trial court erred in granting accelerated judgment, because plaintiff had previously requested a jury trial. *Baker v Detroit,* 73 Mich App 67; 250 NW2d 543 (1976), *Kelleher v Mills,* 70 Mich App 360; 245 NW2d 749 (1976).

A similar issue was presented in the recent case of *Leary v Rupp,* 89 Mich App 145; 280 NW2d 466 (1979), where the acts which constituted the alleged malpractice (prescribing certain drugs) occurred in 1967, and the harm which resulted (allergic reaction and continuing pain) was known to plaintiff between 1967 and 1972, while the malpractice action was filed in 1974. Defendant in *Leary* asserted, as does defendant herein, that plaintiff

learned of the malpractice when she knew of the act and the resulting harm. This Court, however, found that reasonable minds could differ on the question, and reversed the accelerated judgment for defendant, saying:

"[K]nowledge of the act and resulting injury alone may be insufficient to commence the running of the statute of limitations. On the other hand, it is not necessary that the plaintiff recognize that she has suffered an 'invasion of a legal right'. *Patterson v Estate of Flick,* 69 Mich App 101; 244 NW2d 371 (1976). We conclude that in order to discover 'asserted malpractice' a person must know of the act or omission itself, *i.e.,* prescribing polycillin, and have good reason to believe the act itself was improper or was done in an improper manner.

"Under certain circumstances mere knowledge of the act will be sufficient because it alone gives good reason to believe it was improper. For example, in *Patterson, supra,* the defendant severed a femoral nerve during an appendectomy resulting in paralysis.

"In contrast, a person may know of both the act and some resulting pain but not be aware of any wrongdoing by defendant." 89 Mich App, at 149.

In the case at bar, plaintiff knew of the acts constituting the alleged malpractice in 1964 and knew of the resulting harm no later than 1971. She claims, however, that she did not know that defendant's acts constituted malpractice until 1974. Plaintiff's testimony therefore raises a fact question: when plaintiff should have realized that malpractice had been committed. In granting accelerated judgment, the trial court decided the question in favor of defendant. Had there been no demand for a jury trial, the court would have acted properly in deciding the question at the hearing, just as if the case had proceeded to a bench trial. However, because plaintiff timely de-

manded trial by jury, the court rule requires that the question be decided by the jury at trial rather than by the court at the hearing on the motion.[2]

Accordingly, we reverse the accelerated judgment and remand for trial.

---

[2] We note that, if the undisputed facts revealed that the claim was barred by the statute of limitations (*i.e.,* had plaintiff admitted in her deposition that she realized in 1971 that defendant had breached the applicable standard of care), the issue would be a question of law which is within the exclusive province of the court, even where a jury trial is requested.