BUSZEK v HARPER HOSPITAL

Docket No. 53337. Submitted June 5, 1981, at Detroit.—Decided May 7, 1982. Leave to appeal applied for.

Mitchell F. Buszek underwent hernia surgery in Harper Hospital on March 22, 1976. Henry J. Vandenberg, M.D., performed the surgery. The day after the surgery, Dr. Vandenberg informed Mr. Buszek that a surgical needle had been lost during the operation. Buszek was discharged two days later and was last treated by Dr. Vandenberg on January 22, 1977. An X-ray taken in October, 1977, indicated that the surgical needle had become lodged in Buszek's pulmonary artery. On July 13, 1978, Buszek was told by a physician that the needle lodged in his pulmonary artery was probably the needle lost by Vandenberg and that he had "a case". On January 29, 1979, Mr. Buszek and his wife, Marjorie Buszek, filed a malpractice action against Harper Hospital and Dr. Vandenberg in Wayne Circuit Court. The court, John M. Wise, J., granted defendants' motion for accelerated judgment on the basis that plaintiffs' claim was barred by the statute of limitations. Plaintiffs appeal. *Held:*

The trial court properly granted defendants' motion for accelerated judgment. Plaintiffs' lawsuit was filed more than two years after their malpractice claim accrued and more than six months after they were informed that they "had a case", and there was no fraudulent concealment involved.

Affirmed.

1. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE — DISCOVERY OF MALPRACTICE.

A person must know of the act or omission itself and have good reason to believe the act itself was improper or was done in an improper manner in order to discover asserted malpractice;

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 321, 323-325.

[2] When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

[3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 322.

mere knowledge of the act will be sufficient, under certain circumstances, where it alone gives good reason to believe the act was improper; however, a person may know of both the act and some resulting pain but not be aware of any wrongdoing by the physician or surgeon.

2. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE — DISCOVERY OF MALPRACTICE — REASONABLE DILIGENCE.

The exercise of reasonable diligence is but one factor to be considered in determining whether a plaintiff knew or should have known of asserted malpractice and is not a relevant consideration to further toll the limitations period after a patient has been told in a straightforward fashion that he has grounds for a malpractice action.

3. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE — FRAUDULENT CONCEALMENT.

Fraudulent concealment of a cause of action for malpractice means employment of artifice planned to prevent inquiry or escape investigation and mislead or hinder acquirement of information disclosing a right of action; the acts relied on must be of an affirmative character and fraudulent; mere silence is not enough.

*Markle & Markle* (by *Thomas K. DiPietro)*, for plaintiffs.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Brian J. Doren)*, for Harper Hospital.

*Kerr, Russell & Weber* (by *Christine E. Moore)*, for Henry J. Vandenberg, M.D.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

PER CURIAM. Plaintiffs appeal as of right the lower court's grant of accelerated judgment on the basis that their claim for medical malpractice was barred by the statute of limitations. GCR 1963, 116.1(5). We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

There appears to be no dispute with the following factual scenario. On March 22, 1976, defendant Vandenberg performed a hernia operation on plaintiff Mitchell F. Buszek while Buszek was a patient at defendant hospital. On March 23, 1976, Vandenberg informed Buszek that a surgical needle had been lost during the operation. Buszek was discharged from the hospital on March 26, 1976. Plaintiffs concede that Buszek was last treated by Vandenberg on January 22, 1977.

On October 24, 1977, a different physician took an X-ray of Buszek which indicated that a surgical needle had become lodged in Buszek's pulmonary artery. In November, 1977, Buszek consulted a thoracic surgeon and was informed of the risk involved in removing the needle surgically as well as that involved in allowing the needle to remain in the chest. On July 13, 1978, Buszek was told by a physician that the needle lodged in his pulmonary artery was probably the needle lost by Vandenberg and that he "had a case". Plaintiffs instituted their suit on January 29, 1979.

On these facts, we believe the trial court properly granted defendants' accelerated judgment motion. Plaintiffs concede on appeal that their lawsuit was filed more than two years after their malpractice claim accrued. See MCL 600.5805(4); MSA 27A.5805(4) and MCL 600.5838(1); MSA 27A.5838(1). Plaintiffs contend that the "discovery rule" was applicable and indicated that their complaint was filed in a timely fashion and that, even if the discovery rule was not applicable, defendants fraudulently concealed plaintiffs' claim so as to toll the applicable statutory period.

This Court has on several occasions considered the question of what is required in order to conclude, as a matter of law, that a person had

discovered or should have discovered asserted malpractice. See *Leary v Rupp,* 89 Mich App 145; 280 NW2d 466 (1979), *Leyson v Krause,* 92 Mich App 759; 285 NW2d 451 (1979), *Jackson v Vincent,* 97 Mich App 568; 296 NW2d 104 (1980). Knowledge of the act and resulting injury may be insufficient to commence the running of the period of limitations. A patient may be cognizant of both the act and some resulting pain but not be aware of any wrongdoing. See *Leary v Rupp, supra,* 149. However, it is not necessary that the plaintiff recognize an invasion of a legal right. See *Patterson v Estate of Flick,* 69 Mich App 101; 244 NW2d 371 (1976).

In this case, plaintiffs were specifically advised that they "had a case" on July 13, 1978, yet failed to commence suit within six months after this date. Plaintiffs attempt to explain the delay by noting that reasonable diligence was exercised *after* July of 1978. However, reasonable diligence is only a factor in determining whether a plaintiff knew or should have known of the asserted malpractice and is not a relevant consideration to further toll the period of limitations after a patient has been told in a straightforward fashion that he "had a case".

At the hearing on defendants' motion for accelerated judgment, plaintiffs also contended that a separate act of malpractice occurred when Vandenberg failed to advise Buszek at the examination on January 22, 1977, that X-rays taken a couple of days earlier did not reveal the presence of the needle in the area originally located. In light of the foregoing discussion, we conclude that this claim of malpractice is also barred.

Plaintiffs contend, however, that Vandenberg fraudulently concealed the existence of this latter claim from them and that, therefore, they had two

years from the date on which they subsequently discovered that the needle had moved to bring their action. MCL 600.5855; MSA 27A.5855. In *DeHaan v Winter,* 258 Mich 293, 296; 241 NW 923 (1932), an action for medical malpractice, the Supreme Court said:

> "Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent."

In *Draws v Levin,* 332 Mich 447, 452-453; 52 NW2d 180 (1952), also an action for medical malpractice, the Supreme Court, quoting *Dowse v Gaynor,* 155 Mich 38, 43; 118 NW 615 (1908), again stated that the concealment must be produced by affirmative acts or misrepresentations which are designed to prevent subsequent discovery. Mere silence is not enough.

At his deposition, Buszek testified that Vandenberg said nothing to him about the X-rays. He also testified that Vandenberg gave him the X-rays and that he took them home with him. Had Vandenberg's design been to prevent plaintiffs from discovering that the needle had moved, he hardly would have given them X-rays which revealed that the needle was no longer located in Buszek's groin. Neither plaintiffs' complaint nor deposition indicates that Vandenberg did anything of an affirmative nature designed to prevent discovery of their claim. The trial court did not err in dismissing plaintiffs' complaint on this ground.

Affirmed.