WALLISCH v FOSNAUGH

Docket No. 62935. Submitted February 18, 1983, at Detroit.—Decided
June 7, 1983. Leave to appeal denied, 418 Mich 871.

Shortly after being born in 1958, Peter Wallisch developed a rash
which resembled eczema. Drs. Robert Lugg and John Battley
treated Peter for the condition in 1958-59 until Dr. Robert
Fosnaugh began treating Peter as an outpatient at Henry Ford
Hospital. Dr. Fosnaugh placed Peter on a high-protein diet as
part of the treatment. In 1960, Peter was diagnosed as having
phenylketonuria (PKU), an inability to tolerate protein. PKU
causes mental retardation unless properly and promptly diag-
nosed. In May, 1978, Erna F. Wallisch, Peter's mother, was
appointed guardian for Peter, and Peter was shortly thereafter
admitted to the Oakdale Center for Developmental Disabilities.
In 1981, Erna F. Wallisch, individually and as guardian of
Peter Wallisch, and Guenter Wallisch, Peter's father, filed a
medical malpractice action against Drs. Fosnaugh, Lugg, and
Battley, Pediatric Associates, P.C., and Henry Ford Hospital in
Wayne Circuit Court alleging that defendants were negligent in
failing to promptly and properly diagnose and treat Peter's
PKU and that, as a consequence of that negligence, Peter
suffered from permanent and severe mental retardation. Plain-
tiffs also claimed loss of their son's society and companionship

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 51 Am Jur 2d, Limitation of Actions § 107 *et seq.*
[3] 51 Am Jur 2d, *Limitation of Actions* § 109.
 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 321.
 What statute of limitations governs damage action against attorney
 for malpractice. 2 ALR4th 284.
 When statute of limitations commences to run against malpractice
 action against physician, surgeon, dentist, or similar practitioner.
 80 ALR2d 368.
[4, 5] 51 Am Jur 2d, Limitation of Actions § 470.
 Raising statute of limitations by motion for summary judgment. 61
 ALR2d 341.
[6] 51 Am Jur 2d, Limitation of Actions § 186.
[7] 51 Am Jur 2d, Limitation of Actions § 189.
 Appointment of guardian for incompetent or for infant as affecting
 running of statute of limitations against ward. 86 ALR2d 965.

and sought damages for medical expenses. Defendants moved for accelerated judgment on the ground that plaintiffs' action was barred by the statute of limitations. The court, James A. Hathaway, J., granted the motion as to the plaintiffs' action for the loss of Peter's society and companionship and damages for medical expenses but denied the motion as to the medical malpractice claim filed on behalf of Peter. Pediatric Associates, P.C., was dismissed as a party defendant by stipulation of the parties. Plaintiffs appeal and defendants cross-appeal the decision of the trial court. *Held:*

1. The trial court improperly granted defendants' accelerated judgment on plaintiffs' separate action for damages. Accelerated judgment based on the expiration of the period of limitation is proper in a case where a jury trial has been requested only where there are no factual disputes regarding when discovery occurred or reasonably should have occurred and the trial court can properly conclude as a matter of law that the plaintiff's claim is barred by the statute of limitation. There is a factual dispute as to the date of discovery in the present case.

2. The trial court properly denied defendants' motion for accelerated judgment as to Erna Wallisch's claim filed on behalf of Peter. Peter's disability due to his insanity has not been removed. Therefore, the period of limitations within which an action on his behalf may be brought has not begun to run.

Reversed in part, affirmed in part, and remanded.

1. LIMITATION OF ACTIONS — STATUTE IN EFFECT.

   The applicable statute of limitations to be applied in any given case is that which is in effect at the time a plaintiff's cause of action arises.

2. LIMITATION OF ACTIONS — ACCRUAL OF ACTION.

   A cause of action arises, for purposes of determining the applicable statute of limitations, when the alleged negligent act occurs, not when the plaintiff discovers or should have discovered that negligence or malpractice.

3. LIMITATION OF ACTIONS — MALPRACTICE — DISCOVERY OF INJURY.

   The limitation period of malpractice suits, two years, begins to run only after the plaintiff discovers or reasonably should have discovered the malpractice cause of action.

4. JUDGMENTS — ACCELERATED JUDGMENTS — LIMITATION OF ACTIONS — JURY TRIAL — QUESTION OF FACT.

   A motion for accelerated judgment based on the expiration of the

period of limitation should not be granted in a case where a jury trial has been requested if there are factual disputes regarding when discovery of the cause of action occurred or reasonably should have occurred.

5. JUDGMENTS — ACCELERATED JUDGMENTS.

A court must accept all well-pled allegations of the nonmoving party as true when deciding a motion for accelerated judgment.

6. LIMITATION OF ACTIONS — INSANE PERSONS — REMOVAL OF DISABILITY.

A person who is insane at the time a cause of action accrues may file his or her claim within the applicable period of limitation after the disability is removed (MCL 609.15; MSA 27.607).

7. LIMITATION OF ACTIONS — INSANE PERSONS — APPOINTMENT OF GUARDIAN — REMOVAL OF DISABILITY.

The appointment of a guardian for an insane person does not constitute removal of the insane person's disability for purposes of the statute which extends and suspends periods of limitation for persons under a legal disability; periods of limitation therefore do not begin to run against insane persons upon such appointment (MCL 600.5851; MSA 27A.5851).

*Thomas H. Bleakley, P.C.* (by *Richard J. Dimanin*), for plaintiffs.

*Martin, Bacon & Martin, P.C.* (by *James N. Martin*), for defendants Fosnaugh and Henry Ford Hospital.

*Schureman, Frakes, Glass & Wulfmeier* (by *Jeffrey R. Clark*), for defendants Lugg and Battley.

Before: MACKENZIE, P.J., and BRONSON and HOOD, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's grant of accelerated judgment, GCR 1963, 116.1(5), to the defendants based upon plaintiffs Guenter and Erna Wallisch's failure to file their action for the loss of their son Peter's society and companionship and damages for medical ex-

penses within the time period set forth in the statute of limitations.

Defendants cross-appeal the trial court's denial of their motion for accelerated judgment as to Erna Wallisch's medical malpractice claim as guardian on behalf of Peter Wallisch. Defendant Pediatric Associates, P.C., was dismissed by stipulation below and is, therefore, not a party to this cross-appeal.

Plaintiffs filed this action on June 19, 1981. They alleged that shortly after Peter Wallisch was born on April 6, 1958, he developed an eczema-like rash. Defendants Dr. Lugg and Dr. Battley treated Peter for this condition in 1958-1959. In April, 1959, defendant Dr. Fosnaugh began teating Peter as an outpatient at defendant Henry Ford Hospital. Dr. Fosnaugh placed Peter on a high-protein diet as part of that treatment.

On July 9, 1960, Peter was properly diagnosed as having phenylketonuria (PKU), an inability to tolerate protein. PKU causes mental retardation unless properly and promptly diagnosed and treated. Plaintiffs alleged that the defendants were negligent in failing to promptly and properly diagnose and treat Peter's PKU. Plaintiffs assert that, as a consequence of that negligence, Peter suffers from permanent and severe mental retardation.

In their motions for accelerated judgment, defendants argued that the Wallisches' claim for damages for loss of Peter's society and for medical expenses incurred on Peter's behalf was barred by the medical malpractice statute of limitations applicable in 1959-1960, MCL 609.13(3); MSA 27.605(3). Defendants argued that the statute requires a claim to be brought within two years of the accrual of the cause of action and that because plaintiffs knew of the PKU diagnosis and of Pe-

ter's retardation in 1960 plaintiffs' action accrued at that time as a matter of law.

Plaintiffs responded by way of Erna Wallisch's affidavit. She stated she and her husband did not discover that the defendant's diagnoses and treatment of Peter were improper until April of 1981. At that time, plaintiffs became aware of defendants' wrongdoing when they discussed Peter's condition with other parents of institutionalized mentally retarded adults. Plaintiffs argued that because they filed their complaint within six months of that discovery date it was timely filed. MCL 600.5805(4); MSA 27A.5805(4), and MCL 600.5838; MSA 27A.5838.

The trial court granted accelerated judgment as to this claim without finding as a matter of law a particular discovery date. Rather, the trial court simply stated that under the law defendants were entitled to accelerated judgment.

Our first task is to determine which statute of limitations applies in this case. The current statute provides that a malpractice claim accrues when treatment is discontinued. A plaintiff has two years from that accrual or six months from the time the plaintiff discovers or should have discovered the malpractice claim, whichever is later, to file an action before it becomes barred. MCL 600.5838; MSA 27A.5838. However, that statute does not apply here. The applicable statute of limitations is that which is in effect at the time a plaintiff's cause of action arises. *Winfrey v Farhat,* 382 Mich 380, 389-390; 170 NW2d 34 (1969); *Boyer v Vandenbrink,* 98 Mich App 772, 775; 293 NW2d 687 (1980), *lv den* 410 Mich 888 (1981); *Zatolokin v Grimm,* 99 Mich App 257, 262; 297 NW2d 900 (1980), *lv den* 410 Mich 916 (1981). A cause of action arises, for purposes of determining the ap-

plicable statute of limitations, when the alleged negligent act occurs, not when the plaintiff discovers or should have discovered that negligence or malpractice. *Winfrey, supra; Weiss v Bigman,* 84 Mich App 487, 495; 270 NW2d 5 (1978), *lv den* 405 Mich 820 (1979); *Quinlan v Gudes,* 2 Mich App 506; 140 NW2d 782 (1966).

The alleged act of malpractice in this case is one of omission: defendants' failure to properly diagnose and treat Peter Wallisch from 1958 to 1960. Thus, the date the asserted malpractice accrued was sometime prior to July 9, 1960, when Peter's condition was properly diagnosed. For Drs. Lugg and Battley, the accrual date was earlier as they ceased treating Peter sometime in 1959.

The applicable statute of limitations at that time was MCL 609.13(3); MSA 27.605(3), which provided a plaintiff two years from the date the cause of action accrued to file a malpractice claim. In *Johnson v Caldwell,* 371 Mich 368, 379; 123 NW2d 785 (1963), the Court theld that the limitation period of malpractice suits, two years, begins to run only after a plaintiff discovers or reasonably should have discovered the malpractice cause of action. See *Winfrey, supra,* and *Quinlan, supra.* Therefore, the Wallisches had two years from the last date of Peter's treatment in 1959 or 1960 to file their claim, or two years from the date they discovered the asserted malpractice.

We now address whether the trial court properly granted accelerated judgment to defendants under this two-year limitation period. Certainly the Wallisches' claim was filed more than two years after the accrual of defendants' alleged acts of malpractice. However, this record does not show with certainty that the plaintiffs failed to file their claim more than two years after they discovered

or reasonably should have discovered the asserted malpractice.

Where a plaintiff has requested a jury trial, accelerated judgment under GCR 1963, 116.1(5) should not be granted if there are factual disputes regarding when discovery occurred or reasonably should have occurred. *Leyson v Krause,* 92 Mich App 759; 285 NW2d 451 (1979); *Leary v Rupp,* 89 Mich App 145; 280 NW2d 466 (1979); *Kelleher v Mills,* 70 Mich App 360; 245 NW2d 749 (1976). In such a case, the discovery issue is a question of fact to be decided by the jury. *Leyson, supra; Kelleher, supra.* When a jury trial has been requested, accelerated judgment should be granted only if, based on the undisputed facts, the trial court can properly conclude as a matter of law that the plaintiff's claim is barred by the statute of limitations. *Leyson, supra,* p 765, fn 2. In deciding a motion for accelerated judgment, the court is to accept all well-pled allegations of the nonmoving party as true. *Kircos v Goodyear Tire & Rubber Co,* 108 Mich App 781, 783; 311 NW2d 139 (1981). Also, affidavits submitted by either party may be considered by the court. GCR 1963, 116.3.

In *Leary, supra,* this Court held that, in order to find that a plaintiff discovered or reasonably should have discovered the asserted malpractice, the plaintiff "must know of the act or omission itself, * * * and have good reason to believe the act itself was improper or was done in an improper manner." 89 Mich App 149. The *Leary* Court explained that in some circumstances knowledge of the act alone may give one good reason to believe it was improper. However, in other circumstances, the "person may know of both the act and some resulting pain but not be aware of any wrongdoing by defendant". *Leary,* p 149.

Although the Wallisches were aware of the defendants' acts prior to Peter's PKU diagnosis and aware of his mental retardation, the determination of when they discovered the asserted wrongdoing involves a factual dispute. Plaintiffs alleged that the discovery date was in April, 1981. Defendants argue that the Wallisches should reasonably have discovered the alleged malpractice in 1960 following the PKU diagnosis. This factual dispute is a question for the jury that plaintiffs requested. See, *Ellis v Lauter,* 93 Mich App 584, 588-589; 287 NW2d 192 (1979); *Weiss, supra.* Thus, the trial court improperly granted defendants accelerated judgment on the Wallisches's separate action for damages.

Defendants argue on cross-appeal that the trial court erred by failing to grant them accelerated judgment on Erna Wallisch's claim brought on Peter Wallisch's behalf despite Peter's apparent protection from the statute of limitations due to his mental disability. The disability savings provision applicable to Peter's cause of action is MCL 609.15; MSA 27.607, which provides that if a person entitled to bring a cause of action is insane at the time the cause of action accrues, that person may file his or her claim before the applicable period of limitation runs after the disability is removed. As determined above, the applicable limitation period in this case is two years. Therefore, Peter Wallisch's claim is not barred until two years have passed after his insanity disability is removed.

The parties do not dispute that Peter Wallisch is mentally retarded to the extent that he is "insane" under the disability savings provision or that his mental retardation is a permanent condition. Rather, the defendants argue that the ap-

pointment of Erna Wallisch as Peter's guardian on May 25, 1978, removed that disability so that the limitation period commenced to run from that date. Therefore, defendants assert, Peter Wallisch's claim is barred under the disability savings provision because the complaint was filed on June 19, 1981, more than two years after the disability was removed.

In the recent case of *Paavola v St Joseph Hospital Corp,* 119 Mich App 10, 14; 325 NW2d 609 (1982), this Court held that the appointment of a guardian for an insane person does *not* remove the disability and commence running of the limitation period. Although the Court in *Paavola* was interpreting the present disability savings statute, MCL 600.5851; MSA 27A.5851, we find that decision to apply with equal force to the predecessor disability statute involved in this case. Therefore, the trial court properly denied defendants' motion for accelerated judgment as to Erna Wallisch's claim filed on behalf of Peter Wallisch.

Reversed in part, affirmed in part, and remanded.