## McGUIRE v BRADLEY

Docket No. 73196. Submitted March 21, 1984, at Detroit.—Decided May 21, 1984.

Plaintiff, Joseph E. McGuire, injured his ankle in May, 1978, and sought medical attention from Walter Bradley, D.O. Defendant diagnosed the injury as pulled tendons. Following continued pain, the plaintiff went to a specialist in October, 1978. The specialist found a broken ankle bone and performed surgery in October, 1978. In November, 1981, after experiencing further discomfort, plaintiff returned to the defendant and was told that he had arthritis in the ankle. Defendant's medical assistant purportedly told the plaintiff at that time that the lapse in time between the injury and the surgery would cause arthritis to build. On December 11, 1981, plaintiff brought a malpractice action against Bradley and the Huron Valley Medical Center in the Wayne Circuit Court. Bradley moved for an accelerated judgment based on the statute of limitations. The trial court, Thomas J. Brennan, J., granted an accelerated judgment as to Bradley. Plaintiff appeals. *Held:*

1. Plaintiff was obligated to assert his claim for malpractice within the statutory period or within six months after he discovered or should have discovered the existence of the claim, whichever is later. When plaintiff received the second diagnosis and treatment from the specialist he either knew, or should have known, of the existence of his claim.

2. Plaintiff did not meet his burden of proving that he, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the exis-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 316, 321.

Statute of limitations applicable to malpractice action against physician, dentist, or similar practitioner. 80 ALR2d 320.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

tence of the claim at least six months before the expiration of the limitation period otherwise applicable to the claim.

3. Plaintiff did not raise issues of fact which, if treated in the light favorable to him, would preclude accelerated judgment. Affirmed.

1. LIMITATION OF ACTIONS — MALPRACTICE.

A plaintiff is obligated to assert his claim for medical malpractice within the statutory period or within six months after he discovers or should have discovered the existence of the claim, whichever is later (MCL 600.5838[2]; MSA 27A.5838[2]).

2. LIMITATION OF ACTIONS — MALPRACTICE — BURDEN OF PROOF.

The burden is on the plaintiff in a medical malpractice action to prove that he, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least six months before the expiration of the period otherwise applicable to the claim (MCL 600.5838[2]; MSA 27A.5838[2]).

*D. Michael O'Bryan,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Robert G. Kamenec),* for defendant.

Before: M. J. KELLY, P.J., and BEASLEY and J. N. O'BRIEN,* JJ.

PER CURIAM. Plaintiff-appellant, Joseph E. McGuire, appeals from an order granting accelerated judgment to defendant-appellee, Walter Bradley, D.O., in an osteopathic malpractice case.

In May, 1978, plaintiff injured his ankle during a motorcycle race and sought medical attention from defendant. Defendant diagnosed plaintiff's injury as pulled tendons in the right ankle, gave him a pair of crutches, prescribed medication for the swelling, and advised him to stay off the ankle. Plaintiff says that he saw defendant three weeks later and was told that the pain which he was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

experiencing was not uncommon for his type of injury and that he should gradually try to walk on the ankle.

Subsequently, on the advice of a friend, plaintiff went to a specialist for a second opinion because of persistent pain and an inability to walk without a limp. The specialist found a broken bone in plaintiff's ankle and immediately performed surgery in October, 1978. Eventually, in November, 1981, after experiencing further and continuing discomfort, plaintiff returned to defendant and was told he had arthritis in the ankle. Defendant's medical assistant purportedly told him then that the lapse in time between the injury and the surgery would cause arthritis to build. Medication was prescribed for the arthritic condition and plaintiff then sued defendant for malpractice.

The trial court found that, as a matter of law, plaintiff discovered, or should have discovered, his cause of action against defendant in September, 1978, at the time that he received a second contradictory diagnosis indicating the existence of a broken bone in his ankle. Plaintiff argues that he only knew of the claim when apprised of the cause of his arthritis by defendant's medical assistant in November, 1981, and that a question of fact thus exists which precludes accelerated judgment in favor of defendant. Plaintiff's complaint was filed on December 11, 1981.

Under MCL 600.5838(2); MSA 27A.5838(2), plaintiff was obliged to assert his claim for malpractice within the statutory period or within six months "after the plaintiff discovers or should have discovered the existence of the claim, whichever is later".

The statute also provides that the burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise,

neither discovered nor should have discovered the existence of the claim at least six months before the expiration of the period otherwise applicable to the claim is on the plaintiff. The statute further provides that a malpractice action not commenced within this time period is barred.

In *Adkins v Annapolis Hospital*,[1] plaintiff suffered a fractured foot, which was misdiagnosed at the hospital, and plaintiff was discharged. The trial court found that, at the point when another doctor correctly diagnosed the fracture, plaintiff had reason to know that the previous treatment was improper. Since he failed to act within the six-month period, this Court found that the trial court properly granted defendant's motion for accelerated judgment.

In the within case, it seems clear that when plaintiff received the second diagnosis and treatment from the specialist he either knew, or should have known, of the existence of his claim. He does not, nor is he apparently able to, assert facts which would meet the statutory burden of proof placed upon him. We do not believe that he has raised issues of fact which, if treated in the light favorable to him, would preclude accelerated judgment.

Consequently, we decline to interfere with the conclusion of the trial judge that plaintiff's claim was barred and accelerated judgment should be granted.[2]

Affirmed.

---

[1] 116 Mich App 558; 323 NW2d 482 (1982), *lv gtd* 417 Mich 1043 (1983).

[2] *Wallisch v Fosnaugh,* 126 Mich App 418; 336 NW2d 923 (1983); *Leyson v Krause,* 92 Mich App 759; 285 NW2d 451 (1979); *Adkins v Annapolis Hospital, supra.*