WAKEFIELD v HILLS

Docket Nos. 98863, 98864, 104284. Submitted October 5, 1988, at Grand Rapids. Decided November 22, 1988. Leave to appeal applied for.

Peggy Wakefield had appendicitis and therefore had an appendectomy in November, 1973. In 1974 and 1975, she underwent additional surgery to drain abscesses secondary to her ruptured appendix. On February 21, 1984, she was allegedly informed for the first time that damage from the abscesses extinguished any possibility of her bearing children naturally. On August 10, 1984, plaintiffs, Peggy Wakefield and Phillip Wakefield, filed a complaint in the Berrien Circuit Court against the defendants, David H. Hills, M.D., David H. Hills, M.D., P.C., and others, alleging negligence and malpractice as a result of the defendants' failure to properly diagnose and treat Peggy Wakefield's appendicitis. On February 10, 1986, plaintiffs' motion to amend their complaint was granted. Plaintiffs also filed a second complaint in January, 1986. The trial court, Casper O. Grathwohl, J., granted summary disposition in favor of the defendants based on the statute of limitations. Plaintiffs appealed from the trial court's orders. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. Under the statute of limitations applicable to this action, an action based on malpractice by a state-licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice.

2. A question of fact existed regarding when Peggy Wakefield

REFERENCES

Am Jur 2d, Limitation of Actions §§ 107 *et seq.,* 137.

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 318 *et seq.,* 362.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

discovered or should have discovered the alleged malpractice. The lower court erred in granting summary disposition based on the statute of limitations.

Reversed and remanded.

1. LIMITATION OF ACTIONS — CAUSES OF ACTION.

A cause of action arises, for purposes of determining the applicable statute of limitations, when the alleged negligent act occurs, not when the plaintiff discovers or should have discovered that negligence or malpractice.

2. LIMITATION OF ACTIONS — MALPRACTICE.

An action based on malpractice by a state-licensed person occurring in November, 1973, must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice (MCL 600.5805[3], 600.5838; MSA 27A.5805[3], 27A.5838).

3. LIMITATION OF ACTIONS — MALPRACTICE — DISCOVERY.

A two-prong test helps a court in determining when a plaintiff discovered, or should have discovered, a defendant's alleged malpractice; a plaintiff discovers malpractice when (1) the act or omission of the defendant becomes known, and (2) the plaintiff has reason to believe that the medical treatment either was improper or was performed in an improper manner.

4. MOTIONS AND ORDERS — SUMMARY DISPOSITION — JURY.

A motion for summary disposition should not be granted in a medical malpractice action heard before a jury where there are factual disputes regarding when discovery of the alleged malpractice occurred or reasonably should have occurred; the discovery issue is a question of fact to be decided by the jury.

*Charfoos & Christensen, P.C.* (by *David R. Parker*), for plaintiffs.

*Butzbaugh & Ryan, P.C.* (by *John E. Dewane*), for David W. Hills, M.D., David W. Hills, M.D., P.C., St. Joseph Medical Association, P.C., and John J. Manion, M.D.

Before: DANHOF, C.J., and HOOD and R. L. OL-
ZARK,* JJ.

PER CURIAM. Plaintiffs appeal as of right from
Berrien Circuit Court orders granting summary
disposition in favor of defendants based on the
statute of limitations. MCR 2.116(C)(7). We reverse.

Plaintiff Peggy Wakefield had appendicitis in
November, 1973, when she was about fourteen
years old. She underwent surgery including an
appendectomy. In 1974 and 1975, she underwent
additional surgery to drain abscesses secondary to
her ruptured appendix. Peggy Wakefield claims
that on or about February 21, 1984, she was
informed for the first time that her right ovary
and both Fallopian tubes were destroyed by the
abscesses, thereby extinguishing any possibility of
her bearing children naturally.

On August 10, 1984, plaintiffs filed a negligence
and malpractice complaint alleging that defen-
dants failed to properly diagnose and treat Peggy
Wakefield's appendicitis. On February 10, 1986,
the lower court granted plaintiffs' motion to
amend their complaint. Plaintiffs filed a second
complaint in January, 1986. Plaintiffs sued all
defendants within two years of Peggy Wakefield's
alleged discovery of her cause of action.

The applicable statute of limitations is that
which is in effect at the time a plaintiff's cause of
action arises. A cause of action arises, for purposes
of determining the applicable statute of limita-
tions, when the alleged negligent act occurs, not
when the plaintiff discovers or should have discov-
ered that negligence or malpractice. *Wallisch v
Fosnaugh,* 126 Mich App 418, 422-423; 336 NW2d
923 (1983), lv den 418 Mich 871 (1983).

The alleged malpractice in this action occurred

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in November, 1973, when defendants allegedly misdiagnosed and mistreated Peggy Wakefield's appendicitis. The applicable statute of limitations is set forth by the former provisions of MCL 600.5805(3); MSA 27A.5805(3) and MCL 600.5838; MSA 27A.5838. These sections must be read together. *Dyke v Richard,* 390 Mich 739, 743; 213 NW2d 185 (1973).

The *Dyke* Court held that an action based on malpractice by a state-licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice. 390 Mich 747.

The malpractice statute of limitations for more recent causes of action is described in *Farris v Beecher,* 85 Mich App 208; 270 NW2d 658 (1978). MCL 600.5805(4); MSA 27A.5805(4), MCL 600.5838; MSA 27A.5838, MCL 600.5838a; MSA 27A.5838(1).

> "A two-prong test helps a court in determining when a plaintiff discovered, or should have discovered, a defendant's alleged malpractice. A plaintiff discovers malpractice when: (1) the act or omission of the defendant becomes known; and (2) the plaintiff has reason to believe that the medical treatment either was improper or was performed in an improper manner." [*Adkins v Annapolis Hospital,* 116 Mich App 558, 565; 323 NW2d 482 (1982), aff'd 420 Mich 87; 360 NW2d 150 (1984).] [*Smith v Sinai Hospital of Detroit,* 152 Mich App 716, 724; 394 NW2d 82 (1986).]

See also *Antal v Porretta,* 165 Mich App 238, 242; 418 NW2d 395 (1987).

In *Leary v Rupp,* 89 Mich App 145; 280 NW2d 466 (1979), this Court explained that under certain

circumstances mere knowledge of the act will be sufficient because it alone gives good reason to believe it was improper. However, a person may know of both the act and some resulting pain, but not be aware of any wrongdoing by the defendant. 89 Mich App 149. This Court found in *Leary* that, while the plaintiff knew of some of the acts (the prescribing of drugs) and the resulting harm (allergic reaction and pain), reasonable minds could differ as to when she should have realized that the doctor had acted improperly. Therefore, the Court determined that accelerated judgment should not have been granted. *Leary, supra,* pp 149-150.

Peggy Wakefield argues that she did not discover, nor should she have discovered, the destruction of her right ovary and Fallopian tubes until February, 1984.

The lower court ruled that the statute of limitations barred plaintiffs' claims because, in the exercise of reasonable diligence, Peggy Wakefield should have discovered the alleged malpractice earlier. The court reasoned that in 1973 and 1974 it was apparent that Peggy Wakefield's medical problems were attributable to the alleged misdiagnosis of her ruptured appendix. The court also relied on the deposition testimony of Dr. Brown who examined Peggy Wakefield on February 13, 1980. Dr. Brown testified that he told Peggy Wakefield in 1980 that she might have trouble conceiving. The court reasoned that this should have led Peggy Wakefield to realize that a problem could have resulted from the alleged misdiagnosis.

We note that Dr. Brown also testified that Peggy Wakefield was taking birth control pills when he examined her and that he renewed her prescription. His testimony and notes indicate a "probably normal GYN examination," given Peggy Wakefield's history of abdominal infection. A hysterosal-

pingogram (HSG), which would have determined whether Peggy Wakefield was fertile, was deferred because of possible complications.

Plaintiffs requested a jury trial.

> Where a plaintiff has requested a jury trial, accelerated judgment under GCR 1963, 116.1(5) [now MCR 2.116(C)(7)] should not be granted if there are factual disputes regarding when discovery occurred or reasonably should have occurred. *Leyson v Krause,* 92 Mich App 759; 285 NW2d 451 (1979); *Leary v Rupp,* 89 Mich App 145; 280 NW2d 466 (1979); *Kelleher v Mills,* 70 Mich App 360; 245 NW2d 749 (1976). In such a case, the discovery issue is a question of fact to be decided by the jury. *Leyson, supra; Kelleher, supra.* When a jury trial has been requested, accelerated judgment should be granted only if, based on the undisputed facts, the trial court can properly conclude as a matter of law that the plaintiff's claim is barred by the statute of limitations. *Leyson, supra,* p 765, fn 2. In deciding a motion for accelerated judgment, the court is to accept all well-pled allegations of the nonmoving party as true. *Kircos v Goodyear Tire & Rubber Co,* 108 Mich App 781, 783; 311 NW2d 139 (1981) [lv den 414 Mich 971 (1982)]. [*Wallisch, supra,* p 424.]

See also *Heisler v Rogers,* 113 Mich App 630, 635; 318 NW2d 503 (1982).

When reviewing summary disposition motions pursuant to MCR 2.116(C)(7), this Court accepts all of the plaintiff's well-pled factual allegations as true and construes them most favorably to the plaintiff. *Stroud v Ward,* 169 Mich App 1, 4; 425 NW2d 490 (1988).

The *Wallisch* Court found that, although the Wallisches were aware of the defendant's acts prior to their son's phenylketonuria diagnosis and aware of his mental retardation, the determination of when they discovered the asserted wrongdoing involved a factual dispute which was a ques-

tion for the jury. Therefore, the trial court in *Wallisch* was found to have improperly granted the defendants accelerated judgment. 126 Mich App 425.

*Leyson* is perhaps the most significant case for purposes of this analysis. In 1964, the defendant in *Leyson* performed an appendectomy on the plaintiff. The wound apparently became infected. In 1968, the plaintiff consulted a gynecologist regarding her inability to conceive. The gynecologist told her that scarring, or adhesions, around her Fallopian tubes rendered her unable to conceive. In 1971, the plaintiff underwent surgery to relieve some of the adhesions. In 1974, the plaintiff read a newspaper article about a lawsuit involving a similar fact situation. In 1975, the plaintiff sued the defendant alleging malpractice in failing to properly diagnose and treat the appendicitis and subsequent infection.

In *Leyson,* the plaintiff knew of the acts constituting the alleged malpractice in 1964 and knew of the resulting harm no later than 1971. However, she claimed that she did not know that the defendant's acts constituted malpractice until 1974. This Court found that the plaintiff's testimony raised a fact question regarding when she should have realized that malpractice had been committed. Because the plaintiff demanded trial by jury, the trial court in *Leyson* was found to have erred by granting accelerated judgment on the discovery issue. 92 Mich App 764-765.

Reasonable minds could differ as to when Peggy Wakefield discovered or should have discovered defendants' alleged malpractice. The discovery issue is a question of fact for the jury. The lower court erred by granting summary disposition in favor of defendants based on the statute of limitations.

Reversed and remanded.