ROSS v ROTH

Docket No. 61371. Submitted February 14, 1983, at Detroit.—Decided
    September 1, 1983.
    On August 10, 1978, John D. Sellers, D.O., performed a voluntary
        termination of pregnancy upon Dorothy Ross. On August 17,
        1978, Harvey Roth, D.O., examined Dorothy Ross, postopera-
        tively. On August 20, 1978, Bruce D. Wheatley, M.D., per-
        formed a second dilation and curettage and a subsequent
        hysterectomy on Dorothy Ross at Holy Cross Hospital of De-
        troit, Inc. On March 12, 1981, Dorothy Ross and her husband
        Joseph Ross commenced an action in Wayne Circuit Court
        against Harvey Roth, D.O., John D. Sellers, D.O., Bruce T.
        Wheatley, M.D., and Holy Cross Hospital of Detroit, Inc., for
        medical malpractice. The Rosses had previously brought an
        action against the same defendants which was dismissed with-
        out prejudice for failure to serve any of the defendants within
        the 180 days required by the applicable court rule. The court,
        Robert J. Colombo, J., granted accelerated judgments for the
        defendants finding that the cause of action was barred by the
        applicable limitations period for malpractice actions. The plain-
        tiffs appealed. *Held:*
    The circuit court's decision should be affirmed with respect to
        all of the defendants except Wheatley. A question of fact for
        the fact finder existed as to whether Wheatley continued to
        treat Dorothy Ross subsequent to November 3, 1978, and thus,
        accelerated judgment was improperly granted. With respect to
        the other defendants, plaintiff Dorothy Ross's affidavit did not
        raise questions of fact sufficient to prevent the granting of
        accelerated judgments.
    Affirmed in part and reversed in part.

JUDGMENTS — ACCELERATED JUDGMENTS — QUESTIONS OF FACT.
    It is a question of fact whether a plaintiff or a defendant should
        be believed where their sworn statements are in direct conflict,
        and accelerated judgment is improper in such circumstances.

REFERENCES FOR POINTS IN HEADNOTE
61A Am Jur 2d, Pleading § 168.
73 Am Jur 2d, Summary Judgment § 36.

*Zeff & Zeff* (by *Thomas F. Campbell*), for plaintiffs.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *Edmund M. Brady, Jr.*), for defendants Roth and Sellers.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Paul L. Kaliszewski*), for Holy Cross Hospital.

*Kerr, Russell & Weber* (by *Patrick McLain* and *Joanne Geha Swanson*), for defendant Wheatley.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK, JR., and GRIBBS, JJ.

PER CURIAM. Plaintiffs Dorothy Ross (hereinafter plaintiff) and Joseph Ross commenced a medical malpractice action on March 12, 1981, against defendants Harvey G. Roth, D.O., Bruce T. Wheatley, M.D., John D. Sellers, D.O., and Holy Cross Hospital of Detroit, Inc. This was the second such lawsuit filed by plaintiffs. The first action was commenced on August 28, 1980, but was subsequently dismissed without prejudice for failure to serve any of the defendants within the 180 days required by the applicable court rule.

On August 10, 1978, defendant Sellers performed a voluntary termination of pregnancy upon plaintiff. On August 17, 1978, defendant Roth examined plaintiff postoperatively, which was the last time either defendant Roth or Sellers rendered treatment or otherwise served plaintiff.

On August 20, 1978, defendant Wheatley performed a second dilation and curettage and subsequent hysterectomy on plaintiff at defendant Holy Cross Hospital. It is from this surgery that the

alleged malpractice occurred. Plaintiff continued as an inpatient at defendant Holy Cross until her discharge on September 7, 1978.

Following plaintiff's discharge, she was seen by defendant Wheatley in his office on November 3, 1978, at which time she was released to return to work. Plaintiff consulted with defendant Wheatley on subsequent occasions through 1980 for treatment of such complaints as dizziness, nervous tension, depression, abdominal gas, hemorrhoids, insomnia, and dermatitis.

Following the filing of the second complaint on March 12, 1981, all four defendants filed motions for accelerated judgment alleging that the instant action was barred by the applicable statute of limitations for malpractice. An order granting accelerated judgment for defendant Wheatley was entered on November 6, 1981. Plaintiffs' motion for rehearing and reconsideration of said order was subsequently denied. An order granting accelerated judgment for defendant Holy Cross was entered on January 12, 1982. On January 21, 1982, an order granting accelerated judgment for defendants Sellers and Roth was entered. Plaintiffs appeal as of right.

Plaintiffs contend that the trial court erred in granting accelerated judgment as to all four defendants by ruling as a matter of law that said defendants had discontinued treating plaintiff within the meaning of MCL 600.5838(1); MSA 27A.5838(1). We affirm the trial court's decision with respect to all defendants except defendant Wheatley.

First, plaintiffs argue that defendant Wheatley continued to treat plaintiff, within the meaning of § 5838(1), after November 3, 1978. According to defendant Wheatley's affidavit and office records,

postsurgical care for the alleged act of malpractice ended on November 3, 1978, when plaintiff was released for work. Hence, according to Wheatley's affidavit, this was the last date of treatment. Pursuant to the applicable statute of limitations, plaintiffs could have only until November 3, 1980, to file their complaint. However, having reviewed plaintiff's affidavit, which must be accepted as true, we believe that it conflicts with defendant Wheatley's affidavit on the issue. We find that competent evidence is presented by plaintiffs raising a question of fact as to whether or not plaintiffs had only until November 3, 1980, to file their complaint. While plaintiff is not an expert, her affidavit states that defendant Wheatley told her that the symptoms she complained of were caused by or related to the hysterectomy; that Wheatley informed her that her problems would be resolved through continued care and treatment; that Wheatley informed her that as a result of the hysterectomy she would experience "change of life" symptoms, including hot and cold flashes, hormonal changes, nervousness and insomnia. Paragraph 6 of Wheatley's affidavit shows that he treated plaintiff after November 3, 1978, for exactly these symptoms. Plaintiff could competently testify to these statements made by defendant since they are admissible as admissions by a party opponent under MRE 801(d)(2)(A). Whether or not the plaintiff or the defendant is to be believed is for the fact finder and thus accelerated judgment was improperly granted.

Next, plaintiffs argue that defendant Holy Cross treated plaintiff within the meaning of § 5838(1) after September 1, 1978. Defendant Holy Cross's affidavit establishes that the last day of treatment for matters relating to the alleged malpractice was

on September 7, 1978. Plaintiff's affidavit in no way attempts to assert that subsequent emergency and outpatient visits to Holy Cross were for treatment arising out of the surgery performed by defendant Wheatley on August 20, 1978. In fact, plaintiff's affidavit never mentions Holy Cross and plaintiffs have never attempted to file a similar affidavit concerning subsequent treatment received at Holy Cross. According to the uncontroverted facts established by Holy Cross's unopposed affidavit, the trial court was correct in its determination that the last date of treatment was September 7, 1978, and properly granted defendant Holy Cross's motion for accelerated judgment.

Finally, plaintiffs argue that defendants Roth and Sellers continued to treat plaintiff within the meaning of § 5838(1) after August 17, 1978. The affidavits of defendants Roth and Sellers firmly establish that neither of them treated plaintiff after August 17, 1978. Once again, plaintiff's affidavit does not raise a question of fact as to this issue. It does not even mention defendants Roth or Sellers. Plaintiffs, in their brief, allege that if permitted to undertake discovery "they will show that defendants Roth and Sellers were treating * * * plaintiff Dorothy Ross after March 12, 1979", which, if shown, they contend would validate their cause. However, plaintiffs' allegations are substantially refuted by certain interrogatories submitted to plaintiffs by defendant Roth on May 5, 1981. Questions 9 and 16 provide as follows:

"9. Set forth the names and addresses of each and every medical practitioner who treated plaintiff Dorothy Ross subsequent to August, 1978;

"a) As to each medical practitioner listed, set forth the dates on which this person was treated and the reasons for such treatment.

"*Answer:* Dr. Wheatley, Dr. Soad, Dr. Newton, Dr. Galvin.

"16. With respect to the allegations contained in paragraph 10 of your complaint, list specifically and in detail each and every date which you claim plaintiff saw defendant Harvey G. Roth, D.O., during the months of August, September, and October of 1978.

"a) For each of the above dates, state specifically the reason for each visit.

"b) For each of the above dates, state specifically what treatment you claim Harvey G. Roth, D.O., rendered.

"*Answer:* August 3, 1978 possible pregnancy."

There is no reversible error. The trial court properly granted accelerated judgment as to defendants Roth and Sellers.

Affirmed in part and reversed in part. Costs to appellees.