SMITH v CONSENGCO

Docket No. 80508. Submitted August 13, 1985, at Lansing.—Decided October 9, 1985.

Plaintiff Mary Ann Smith allegedly suffered injuries during surgery performed by defendant Dr. Elizabeth G. Consengco at defendant W. A. Foote Memorial Hospital, Inc., on April 7,1981. Mrs. Smith was discharged from the hospital April 13, 1981. She and her husband, Robert C. Smith, brought an action for medical malpractice against defendants on June 1, 1983, in the Jackson Circuit Court. The court denied a motion by the hospital for accelerated judgment based on the statute of limitations but no order was entered. After discovery in which plaintiffs admitted knowledge of the injury more than six months prior to the filing of the suit, the hospital filed a second motion for accelerated judgment based on the statute of limitations. Charles J. Falahee, J., denied that motion, holding that, while plaintiffs were barred from recovering from the hospital by the statute of limitations, he could not grant the motion because the court rules allow only one motion for accelerated judgment. The hospital appealed by leave granted. *Held:*

1. A claim based upon the malpractice of a hospital accrues at the time the hospital discontinues treating or otherwise serving the plaintiff in a professional manner or pseudo-professional capacity as to matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim. An action for malpractice may be commenced within the two-year statutory period or within six months after plaintiff discovers or should have discovered the existence of his or her malpractice claim; a malpractice action not commenced within the statutory period is barred. Plaintiffs admitted to knowledge of the injury more

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] Am Jur 2d, Pleadings §§ 231 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Judgment on Pleadings.

[2, 3] Am Jur 2d, Physicians, Surgeons, and other Healers §§ 316-325.

Patient's failure to reveal medical history to physician as contributory negligence or assumption of risk in defense of malpractice action. 33 ALR4th 790.

than six months prior to filing the claim. Therefore, the action against the hospital is barred by the statute of limitations.

2. A party is limited to one motion for accelerated judgment and is precluded from raising by motion new defenses which were omitted in the first motion. However, a renewed motion which is based on the same defense as when first raised may properly be granted where to disallow the motion would not secure a just result and where allowing it would not prejudice the substantial rights of the parties. The court should have granted the second motion.

Reversed and remanded.

1. JUDGMENTS — ACCELERATED JUDGMENT.

A court must accept all well-pled allegations of the nonmoving party as true when deciding a motion for accelerated judgment.

2. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — HOSPITALS.

A claim based upon the malpractice of a hospital accrues at the time the hospital discontinues treating or otherwise serving the plaintiff in a professional manner or pseudo-professional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim (MCL 600.5838[2]; MSA 27A.5838[2]).

3. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE.

An action for malpractice may be commenced within the two-year statutory period or within six months after a plaintiff discovers or should have discovered the existence of his or her malpractice claim; a malpractice action not commenced within the statutory period is barred (MCL 600.5805, 600.5838[2]; MSA 27A.5805, 27A.5838[2]).

4. MOTIONS AND ORDERS — ACCELERATED JUDGMENT — COURT RULES.

A party is limited to one motion for accelerated judgment and is precluded from raising by motion new defenses which were omitted in the first motion; however, a renewed motion which is based on the same defense as when first raised may properly be granted where to disallow the motion would not secure a just result and where allowing it would not prejudice the substantial rights of the parties (GCR 1963, 13, 116.2, MCR 1.105).

*Al Dalimonte, P.C.* (by *Paula J. Manderfield*), for plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather),* for W. A. Foote Memorial Hospital, Inc.

Before: DANHOF, C.J., and V. J. BRENNAN and J. H. GILLIS, JR.,* JJ.

PER CURIAM. Plaintiffs, Mary Ann Smith and Robert C. Smith, filed a medical malpractice action against Elizabeth G. Consengco, M.D., (herein referred to as Dr. Consengco) and W. A. Foote Memorial Hospital (herein referred to as Foote Hospital or defendant) on June 1, 1983, seeking to recover for injuries Mrs. Smith allegedly suffered as a result of surgery performed on April 7, 1981, by Dr. Consengco at Foote Hospital. On September 1, 1983, defendant filed a motion for accelerated judgment based upon the statute of limitations. Jackson County Circuit Court Judge Charles J. Falahee denied defendant's motion for accelerated judgment in a written opinion dated October 21, 1983. An order denying defendant's motion was never entered. Defendant filed a second motion for accelerated judgment based on the same grounds on June 8, 1984. Judge Falahee denied defendant's second motion for accelerated judgment in a written opinion dated July 25, 1984, and in an order dated August 6, 1984. Defendant filed for leave to appeal the trial court's August 6, 1984, order on September 18, 1984. The circuit court proceedings were stayed by stipulation of the parties pending the outcome of defendant's appeal. Leave was granted on December 17, 1984.

Dr. Consengco had Mrs. Smith admitted to Foote Hospital on January 13, 1981. Dr. Consengco, a specialist in obstetrics and gynecology, performed a dilation, curettage and biopsy of Mrs. Smith's cervix. Dr. Consengco had Mrs. Smith readmitted

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to Foote Hospital on April 6, 1981, for a hysterectomy. On April 7, 1981, Dr. Consengco performed a total abdominal hysterectomy, removed Mrs. Smith's left ovary and fallopian tube, and performed a lysis of pelvic adhesions and an abdominal exploration. Mrs. Smith allegedly suffered menopause and severe abdominal and bowel problems after the surgery. Mrs. Smith was discharged from Foote Hospital on April 13, 1981, and received no further treatment at the hospital. Dr. Consengco treated Mrs. Smith until June 2, 1981.

Plaintiff filed a complaint alleging medical malpractice against Dr. Consengco and defendant on June 1, 1983. Defendant filed its answer on June 20, 1983, then filed a motion for accelerated judgment on September 1, 1983, based upon the statutes of limitation governing malpractice actions, *i.e.,* MCL 600.5805; MSA 27A.5805 and MCL 600.5838; MSA 27A.5838. Defendant's motion relied only upon the files, records, and the parties' pleadings. Judge Falahee heard oral argument on defendant's motion for accelerated judgment on September 30, 1983, and took the matter under advisement pending issuance of a written opinion. Judge Falahee, in a written opinion dated October 21, 1983, found that a factual issue existed as to whether plaintiffs were aware or should have been aware of the alleged malpractice more than six months prior to the filing of the complaint and denied defendant's motion for accelerated judgment. The parties agree on appeal that an order was never entered denying defendant's motion.

On July 20, 1983, and on November 29, 1983, respectively, defendant and Dr. Consengco propounded interrogatories to plaintiffs. Both sets of interrogatories were answered on March 14, 1984. On December 19, 1983, defendant propounded a request for admissions, which was answered by

plaintiffs on December 22, 1983. Mrs. Smith admitted in her answers to the request for admissions that she discovered the existence of her malpractice claim more than six months prior to the filing of the complaint on June 1, 1983.

Defendant filed a second motion for accelerated judgment on June 12, 1984, based upon the period of limitations applicable to malpractice actions. Defendant's motion was based upon the pleadings, plaintiffs' answers to defendant's interrogatories and plaintiffs' reply to defendant's request for admissions. Judge Falahee heard oral argument on defendant's motion on June 20, 1984, and took the matter under advisement pending issuance of a written opinion. Judge Falahee issued a written opinion on July 25, 1984, finding that, although plaintiffs' claims were barred by the two-year period of limitations applicable to malpractice actions, he could not grant defendant's motion to dismiss because GCR 1963, 116.2 [now MCR 2.116(E)(3)] allowed defendant to make only one motion for accelerated judgment. Hence, Judge Falahee concluded that he had no alternative but to deny defendant's motion and allow the case to continue on the merits. An order denying defendant's second motion for accelerated judgment was entered on August 6, 1984.

The first issue for our consideration is whether plaintiffs' claims against defendant were barred by the two-year period of limitations applicable to malpractice actions.

The period of limitations for claims of hospital malpractice is two years. *Adkins v Annapolis Hospital,* 420 Mich 87; 360 NW2d 150 (1984).

The trial court should grant a motion for accelerated judgment based on a statute of limitations where a jury trial has been requested only where the court can conclude as a matter of law that a

plaintiff's claim is barred by the running of the period of limitations. When deciding a motion for accelerated judgment, the court must accept all well-pled allegations of the nonmoving party as true. In addition, the trial court may consider affidavits submitted to it by either party. *Wallisch v Fosnaugh,* 126 Mich App 418, 424; 336 NW2d 923 (1983), *lv den* 418 Mich 871 (1983).

A claim based upon the malpractice of a hospital accrues: "[A]t the time that person discontinues treating or otherwise serving the plaintiff in a professional manner or pseudo-professional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim". MCL 600.5838(2); MSA 27A.5838(2). An action for malpractice may be commenced within the statutory period or six months after plaintiff discovers or should have discovered the existence of his or her malpractice claim. *Id.* A malpractice action not commenced within the statutory period is barred. *Id.*

Plaintiffs admitted in response to defendant's request for admissions that Mrs. Smith discovered the existence of her potential malpractice claim more than six months prior to the filing of the lawsuit on June 1, 1983. Hence, the issue in the instant case became when did defendant discontinue serving plaintiff in a professional manner or in a pseduo-professional capacity as to matters out of which the malpractice claim arose.

Plaintiffs do not dispute on appeal that Mrs. Smith was discharged from Foote Hospital on April 13, 1981, and that she received no further treatment at the hospital. Plaintiffs argue, however, that the period of limitations did not begin to run until Dr. Consengco "discharged" Mrs. Smith as her patient on June 8, 1981.

It is our opinion that Judge Falahee properly relied upon this Court's opinion in *Ross v Roth*, 131 Mich App 57; 345 NW2d 602 (1983), when he determined that the period of limitations had expired. The facts in *Ross* are similar to those in the instant case. In *Ross,* the plaintiff was discharged from the defendant hospital on September 7, 1978. The plaintiff in *Ross* alleged that one of the defendant physicians continued to treat her until November 3, 1978. Plaintiff filed suit against the hospital and physicians on March 12, 1983. In addressing the issue of when the period of limitations began to run as to the defendant hospital, this Court held that the last day of treatment for matters relating to the alleged malpractice was September 7, 1978, the date of discharge. This Court's reasoning in *Ross v Roth, supra,* applies to the instant case. Plaintiffs herein have failed to allege or establish that there was any relationship between Dr. Consengco and Foote Hospital. In addition, plaintiffs did not introduce any evidence of a continuing course of treatment stemming from tests performed at Foote Hospital. Plaintiffs in the instant case had the burden of showing that their cause of action accrued. MCL 600.5838(2); MSA 27A.5838(2). Therefore, plaintiffs' complaint was filed after the applicable two-year period of limitations and their malpractice claim against Foote Hospital is barred by the statute of limitations.

The next issue for our consideration is whether the circuit court erroneously concluded that it could not grant defendant's second motion for accelerated judgment even though defendant had established the facts necessary to support its motion.

The circuit court in its October 21, 1983, opinion denied defendant's first motion for accelerated

judgment finding that there was a question of fact as to whether plaintiffs were aware or should have been aware of the alleged misconduct six months prior to the filing of the complaint. No order was entered denying defendant's motion for accelerated judgment. Defendant then propounded interrogatories and a request for admissions to plaintiffs, seeking to discover when Mrs. Smith had discovered her malpractice claim. Mrs. Smith subsequently admitted that she discovered the existence of her potential malpractice claim more than six months prior to filing suit on June 1, 1983. Defendant then filed a second motion for accelerated judgment on June 8, 1984, based upon the running of the period of limitations. Judge Falahee in a written opinion dated July 25, 1984, agreed with Foote Hospital that the period of limitations on plaintiffs' claim had expired, but concluded:

"I am prevented from granting a dismissal at this time because defendant hospital's remedy was to take an interlocutory appeal, which it did not. The rule prevents a second motion, therefore, the case must continue on the merits. However, the issue raised by the preliminary ruling is preserved and may still be reexamined at any time before final judgment, and in any event, an appeal.

"I have no alternative but to DENY defendant hospital's motion, based on the motion being decided previously. If the facts at trial develop as argued by defendant hospital, the defendant hospital may likely be dismissed out of the case at some time during the trial."

Defendant on appeal does not challenge the lower court's denial of its first motion for accelerated judgment. The trial court, in denying defendant's first motion for accelerated judgment, found that there was a material dispute of fact as to

whether plaintiffs were aware of or should have been aware of their claim six months prior to the filing of their suit. Hence, we note that the circuit court properly denied defendant's first motion for accelerated judgment. Therefore, defendant's application for leave to appeal to this Court would have been denied on the grounds that defendant had failed to persuade the court of the need for immediate appellate review. Defendant argues that it used the discovery process to obtain the necessary facts to file a subsequent motion for accelerated judgment. However, the circuit court took the position that, although defendant had established the necessary facts to support granting the motion, it was constrained to deny the motion. Defendant argues that it defies common sense and reason to require it to undergo the expense of continuing in the case until trial where it will be dismissed out of the case due to the expiration of the period of limitations. We agree.

GCR 1963, 116.2 provides in part:

"Consolidation. The defense of lack of jurisdiction over the person or property is waived unless made in the responsive pleading or motion first filed. A party may combine in a single motion as many defenses or objections as he has based upon any of the grounds enumerated in sub-rule 116.1, and no more than 1 motion shall be permitted each party."

Thus, on the face of the rule, a party may bring only one motion for accelerated judgment. See *In re Humphrey Estate,* 141 Mich App 412; 367 NW2d 873 (1985). We note that under MCR 2.116(E)(3), a party can now bring more than one motion for summary disposition based upon the statute of limitations, subject only to a bad faith limitation and penalty. We also note that under MCR 1.102, the new court rules would apply to all

further proceedings at the circuit court level unless the circuit court finds that the application of the new court rules would not be feasible or would work injustice.

The court rules must be construed to secure a just, speedy and inexpensive determination so as to avoid the consequences of any error or defect in the proceedings which does not substantially affect the parties' rights. GCR 1963, 13 (now MCR 1.105). *In re Humphrey Estate, supra.* Hence, in light of the fact that the defendant in the instant case would have been dismissed out of the case at trial, plaintiffs herein would have suffered no prejudice if the trial court had granted defendant's second motion for accelerated judgment. "To disallow the motion would not secure 'a just' determination, nor would allowing it affect the substantial rights of the parties." *Humphrey, supra,* p 433.

The *In re Estate of Humphrey* Court explained that:

"[T]he purpose of the one-motion rule is to 'prevent the dilatory practice of postponing an answer on the merits by raising special defenses by motions *seriatim'*. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1984 Supp, p 114. The rule is also directed at precluding the moving party 'from asserting such omitted defenses by motion', *i.e.,* it precludes raising *new* defenses omitted in the first motion for accelerated judgment. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 324. Here, an omitted defense is not being asserted. The same defense was raised each time. And there is no question of delaying tactics." (Emphasis in original.) 141 Mich App 433.

Considering the purpose behind GCR 1963, 13, it is our opinion that where a literal reading of GCR 1963, 116 produces counterproductive results, a

trial court should balance the burden of requiring a party in a case to await trial against the value of preserving the purity of GCR 1963, 116. Where, as here, an omitted defense is not being asserted and there is no question of delaying tactics, we believe that the trial court could have granted defendant's second motion.

Reversed and remanded for entry of judgment in favor of the defendant.