GRIFFITH v BRANT

Docket Nos. 101707, 103879. Submitted February 13, 1989, at Detroit. Decided March 2, 1989.

Rosemary Griffith brought a medical malpractice action in Wayne Circuit Court against Norman Brant, D.P.M., and Kern Hospital. Defendants moved for summary disposition, contending that plaintiff's claim was barred by the statute of limitations relating to medical malpractice actions. The trial court, Cynthia D. Stephens, J., denied their motions. Defendants separately sought and were granted leave to appeal.

The Court of Appeals consolidated the appeals and *held:*

An action for medical malpractice must be brought within two years of the last date the defendant provided treatment or within six months after the plaintiff discovers or should have discovered the existence of a claim, whichever is later. In this case, plaintiff's factual allegations, when construed in a light most favorable to plaintiff, indicate that more than two years elapsed between the date of her last treatment by defendants and the date she filed her action, and that she discovered her claim for malpractice more than six months before she filed her action.

Reversed and remanded for entry of judgment in favor of defendants.

1. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE.

An action for medical malpractice must be brought within two years of the last date the defendant provided treatment or within six months after the plaintiff discovers or should have discovered the existence of a claim, whichever is later (MCL 600.5805, 600.5838; MSA 27A.5805, 27A.5838).

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 316 *et seq.;* Summary Judgment § 27.

Statute of limitations applicable to malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 320

When statute of limitation commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

2. Motions and Orders — Summary Disposition — Medical Malpractice — Limitation of Actions.

> In an action for medical malpractice, a motion for summary disposition based on the six-month period of limitation should not be granted if there are factual disputes regarding when discovery of the alleged malpractice occurred or reasonably should have occurred (MCL 600.5838[2]; MSA 27A.5838[2]).

3. Limitation of Actions — Medical Malpractice — Discovery of Claim.

> A claim for medical malpractice is discovered when (1) the act or omission of the defendant becomes known, and (2) the plaintiff has reason to believe that medical treatment was improper or was performed in an improper manner (MCL 600.5838[2]; MSA 27A.5838[2]).

*Rifkin & Kingsley, P.C.* (by *James M. Rifkin*), for plaintiff.

*Martin, Bacon & Martin* (by *Paul R. Van Tol*), for Norman Brant, D.P.M.

*Schlussel, Lifton, Simon, Rands, Galvin & Jackier* (by *Irene Bruce Hathaway*), for Kern Hospital.

Before: Sawyer, P.J., and Maher and Brennan, JJ.

Per Curiam. In this medical malpractice case, defendants Kern Hospital and Dr. Norman Brant appeal by leave granted from two circuit court orders denying their respective motions for summary disposition based upon the statute of limitations, MCR 2.116(C)(7). We reverse.

The issue presented on appeal is whether the trial court erred by denying defendants' motions for summary disposition based upon the statute of limitations governing medical malpractice actions. The trial court denied the motions on the basis that there were material questions of fact regarding the date of discovery of the alleged malpractice.

When reviewing a summary disposition motion under MCR 2.116(C)(7), this Court accepts as true all of the plaintiff's well-pled factual allegations and construes them in a light most favorable to the plaintiff. *Stroud v Ward,* 169 Mich App 1, 4; 425 NW2d 490 (1988).

The applicable statute of limitations is that which is in effect at the time a plaintiff's cause of action arises. A cause of action arises, for purposes of determining the applicable statute of limitations, when the alleged malpractice occurs, not when the plaintiff discovers or should have discovered the malpractice. *Wallisch v Fosnaugh,* 126 Mich App 418, 422-423; 336 NW2d 923 (1983), lv den 418 Mich 871 (1983).

The alleged malpractice occurred in September, 1983, when defendants allegedly mistreated plaintiff's foot problem. In this case, the applicable statute of limitations is set forth by the former provisions of MCL 600.5805(4); MSA 27A.5805(4) and MCL 600.5838; MSA 27A.5838.

The period of limitation for a medical malpractice action is two years. MCL 600.5805(4); MSA 27A.5805(4). At the time the facts pertinent to this appeal occurred, MCL 600.5838(1); MSA 27A.5838(1) provided that a claim of medical malpractice against a physician accrues

> at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

However, an action for malpractice may be commenced within the statutory period of six months after the plaintiff discovers or should have discov-

ered the existence of the malpractice claim. MCL 600.5838(2); MSA 27A.5838(2).

Defendants argue that plaintiff's complaint is barred by the two-year period of limitation because they discontinued treating or otherwise serving plaintiff more than two years before the complaint was filed. We agree.

Dr. Brant performed surgery on plaintiff's foot at Kern Hospital on September 27, 1983. Plaintiff was discharged on October 3, 1983, and had no further contact with the hospital. Dr. Brant last examined plaintiff in January, 1984. He referred her to another physician that same month. Plaintiff's only other contact with Dr. Brant's office was in June, 1984, when by telephone she expressed concern about the discomfort she was experiencing in her foot. She was told that her foot was doing well and that she would have to continue wearing gym shoes for a year. Plaintiff filed her complaint on August 29, 1986.

As against defendant hospital, plaintiff's cause of action accrued on the date plaintiff was discharged, more than two years before she filed her complaint. *Ross v Roth,* 131 Mich App 57; 345 NW2d 602 (1983). Plaintiff failed to allege or establish that she received treatment at the hospital beyond that date. Furthermore, plaintiff failed to establish that there was any relationship between defendants to support the conclusion that the hospital, through Dr. Brant, continued to treat plaintiff after the discharge date. See *Smith v Consengco,* 146 Mich App 401; 380 NW2d 478 (1985).

As to defendant Dr. Brant, plaintiff's cause of action accrued no later than January, 1984, when he stopped treating her, more than two years before plaintiff filed her complaint. *Pendell v Jarka,* 156 Mich App 405; 402 NW2d 23(1986), lv den 428 Mich 880 (1987). The June, 1984, tele-

phone conversation did not constitute "treatment or otherwise serving" within the meaning of MCL 600.5838(1); MSA 27A.5838(1). Even if it did, the conversation occurred more than two years before plaintiff filed her complaint.

Defendants also argue that plaintiff's cause of action is barred under the six-month "discovery rule," MCL 600.5838(2); MSA 27A.5838(2). We agree.

Summary disposition under MCR 2.116(C)(7) should not be granted if there are factual disputes regarding when discovery occurred or reasonably should have occurred. *Pendell, supra,* p 411. Summary disposition should be granted only if, on the undisputed facts, the trial court can properly conclude as a matter of law that the plaintiff's claim is barred by the statute of limitations. *Id.,* pp 411-412.

A medical malpractice claim is discovered when (1) the act or omission of the defendant becomes known, and (2) the plaintiff has reason to believe that the medical treatment was improper or was performed in an improper manner. *Antal v Porretta,* 165 Mich App 238, 242; 418 NW2d 395 (1987); *Pendell, supra,* p 412.

We find the evidence to be undisputed that plaintiff either discovered or should have discovered her claim long before the six-month discovery period prior to filing suit. Plaintiff stated in her deposition that she first noticed that something was wrong with her foot in early 1984. Plaintiff also testified that in 1985 she thought that Brant had done something wrong to her foot. In April, 1985, she met with her attorney about her foot problems because she thought she had a possible malpractice claim. Her attorney sent her to be examined by a physician in February, 1986, regarding her foot problems. We disregard plaintiff's

affidavit to the extent it contradicts her deposition testimony. *Peterfish v Frantz,* 168 Mich App 43, 54; 424 NW2d 25 (1988).

The law does not require that the plaintiff know with absolute certainty that the physician committed malpractice before the six-month discovery period begins to run. It merely requires that the plaintiff know of the act and have *reason to believe* that the physician's act was improper. *Pendell, supra,* p 412. This standard is satisfied here. Defendants are entitled to summary disposition as a matter of law.

Reversed and remanded for entry of judgment in favor of defendants.