HOFFMAN v MOUNT CLEMENS GENERAL HOSPITAL, INC

Docket Nos. 109876, 109892. Submitted December 12, 1989, at Detroit. Decided March 9, 1990.

John Hoffman, individually and as personal representative of the estate of Charlene Hoffman, deceased, brought a medical malpractice action in St. Clair Circuit Court against Mount Clemens General Hospital, Inc., and several physicians. Defendant hospital filed a motion for summary disposition, claiming that the action was barred by the statutes of limitation governing medical malpractice claims. The hospital also filed a motion for a change of venue. The trial court, Ernest F. Oppliger, J., denied both motions. In separate appeals from each ruling, the hospital appealed by leave granted.

The Court of Appeals *held:*

1. An action for medical malpractice must be brought within two years of the last date the defendant provided treatment or within six months after the plaintiff discovers or should have discovered the existence of a claim. In this case, plaintiff's action was filed more than two years after defendant hospital provided medical treatment to the decedent, which treatment included chest x-rays. The action was also filed more than six months after plaintiff and decedent knew or had reason to know of the hospital radiologist's alleged failure *to diagnose* the lung cancer which eventually led to decedent's death. The trial court therefore erred in denying the hospital's motion for summary disposition.

2. In light of the resolution of the issue concerning the statutory periods of limitation, it is not necessary to review the trial court's denial of the motion for a change of venue.

Reversed and remanded for a grant of summary disposition in favor of defendant hospital.

REFERENCES

Am Jur 2d, Hospitals and Asylums § 39; Physicians, Surgeons, and Other Healers §§ 319-321, 263.

Malpractice in connection with diagnosis of cancer. 79 ALR3d 915.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

1. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE.

> An action for medical malpractice must be brought within two years of the last date the defendant provided treatment or within six months after the plaintiff discovers or should have discovered the existence of a claim (MCL 600.5805[4], 600.5838[2]; MSA 27A.5805[4], 27A.5838[2]).

2. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — DISCOVERY OF CLAIM.

> A claim for medical malpractice is discovered when (1) the act or omission of the defendant becomes known, and (2) the plaintiff has reason to believe that medical treatment was improper or was performed in an improper manner (MCL 600.5838[2]; MSA 27A.5838[2]).

*Luce, Henderson, Bankson, Heyboer, Lane, Burleigh, Currier & Martinek* (by *Cynthia A. Lane*), for plaintiff.

*Feikens, Foster, Vander Male & De Nardis, P.C.* (by *William McCandless*), for Mount Clemens General Hospital, Inc.

*Barbier & Tolleson, P.C.* (by *Kathryne A. O'Grady*), for W. J. Lesock, D.O.

Before: GRIFFIN, P.J., and GILLIS and SAWYER, JJ.

PER CURIAM. Defendant Mount Clemens General Hospital appeals by leave granted from two orders of the circuit court, the first denying summary disposition on the basis of the running of the statutory period of limitation, MCR 2.116(C)(7) (Docket No. 109876), and the second denying a change of venue (Docket No. 109892). We reverse.

Plaintiff's claim arises out of the alleged malpractice of defendants in diagnosing and treating plaintiff's decedent for lung cancer. On September 29, 1984, plaintiff's decedent went to defendant hospital's emergency room in conjunction with

trauma to the chest. Several chest x-rays were taken on that date and, according to plaintiff, defendant Lesock, defendant hospital's staff radiologist, failed to diagnose cancer present in her lung at that time.

In May of 1986, plaintiff's decedent was diagnosed as suffering from lung cancer and during the summer of that year was seen by a number of physicians. She usually visited the physicians' offices in the company of Barbara Craig, her aunt by marriage. Craig testified at her deposition that she was present on several occasions in June, July and August of 1986 when plaintiff's decedent was told by these physicians that she should have and could have been diagnosed from the September 19, 1984, x-rays.

At arbitration proceedings below, plaintiff's counsel admitted that plaintiff was advised in the summer of 1986 that the condition could have and should have been diagnosed from the 1984 x-rays, but that plaintiff deferred any legal action pending a second opinion.[1] Furthermore, the arbitrators received into evidence a letter dated October 9, 1986, from plaintiff's counsel to Dr. Richard Herbert which stated that counsel was informed that plaintiff's decedent was told by Dr. Herbert sometime earlier in 1986 that the 1984 x-rays revealed the beginnings of a tumor and that treatment should have begun at that time. Furthermore, plaintiff's counsel eventually stipulated at the arbitration hearing that plaintiff's decedent had actual knowledge of the abnormality in the 1984 x-rays in June or July of 1986.

On September 26, 1986, plaintiff's decedent, accompanied by plaintiff, was seen by Martin Bury,

---

[1] For reasons not relevant to this appeal, this matter was withdrawn from arbitration and returned to the jurisdiction of the circuit court.

M.D., apparently for obtaining a second opinion. Plaintiff informed Dr. Bury that an earlier 1984 x-ray showed an abnormality in his wife's lung. Dr. Bury confirms that the abnormality was visible on the 1984 x-ray and that, at a minimum, the radiologist should have scheduled a follow-up x-ray six to eight weeks later to rule out the possibility of malignancy or other illness.[2]

After consulting with Dr. Bury, the instant medical malpractice action was filed against Dr. Gladstone Payton on September 30, 1986, alleging that Dr. Payton had failed to properly interpret the x-rays taken at defendant hospital. On March 13, 1987, plaintiff filed a first-amended complaint adding defendant hospital and defendants Sullivan and Lesock as defendants.[3]

On appeal, defendant hospital first argues that the trial court erred in denying its motion for summary disposition on the basis of the running of the period of limitation. We agree. In deciding a motion for summary disposition under MCR 2.116(C)(7) all of the plaintiff's well-pled factual allegations are accepted as true and the facts are construed in a light most favorable to the plaintiff. *Griffith v Brant,* 177 Mich App 583, 585; 442 NW2d 652 (1989). The period of limitation for a medical malpractice action is two years. MCL 600.5805(4); MSA 27A.5805(4). Plaintiff, however,

---

[2] Apparently Dr. Lesock interpreted the tumor in the x-ray as being a pulmonary contusion secondary to the traumatic rib fracture. According to Dr. Bury, a pulmonary contusion would have healed in six to eight weeks' time and a follow-up x-ray would no longer show the contusion. On the other hand, if the x-ray showed a malignant tumor, or perhaps some other pulmonary disease, a follow-up x-ray would have shown the tumor to still exist, and possibly to have grown. Thus, in Dr. Bury's opinion, a follow-up x-ray was necessary to confirm the diagnosis of a pulmonary contusion and to rule out the possibility of a malignant tumor.

[3] Apparently, service was never perfected against Drs. Sullivan and Payton and these defendants were deemed to have been dismissed under MCR 2.102(E)(1).

argues that his claim comes within the six-month "discovery rule" contained in MCL 600.5838(2); MSA 27A.5838(2). Under the discovery rule, a malpractice claim is timely if it is filed within six months of the date the claim is discovered or should have been discovered. This Court in *Griffith, supra* at 587, explained this rule:

> A medical malpractice claim is discovered when (1) the act or omission of the defendant becomes known, and (2) the plaintiff has reason to believe that the medical treatment was improper or was performed in an improper manner. *Antal v Porretta,* 165 Mich App 238, 242; 418 NW2d 395 (1987).

Plaintiff claims that neither he nor the decedent knew or had reason to know of the malpractice claim prior to consultation with Dr. Bury. We disagree. As this Court pointed out in *Griffith, supra* at 588, a plaintiff need not know with certainty that malpractice was committed, but merely must know of the act and that there is reason to believe that the act constitutes malpractice:

> The law does not require that the plaintiff know with absolute certainty that the physician committed malpractice before the six-month discovery period begins to run. It merely requires that the plaintiff know of the act and have *reason to believe* that the physician's act was improper. [Emphasis in original.]

In the instant case, the evidence establishes with little dispute that plaintiff and plaintiff's decedent were told in the summer of 1986, and certainly by July of 1986, that the 1984 x-ray showed a malignant tumor in her lung and that the radiologist had misread the x-ray. Accordingly, we conclude

that, at least as early as July of 1986, plaintiff and plaintiff's decedent knew, or had reason to know, of the alleged malpractice arising from the misreading of the 1984 x-ray. While the consultation with Dr. Bury may have confirmed the existence of malpractice, the discovery rule does not depend upon a confirmation of the existence of malpractice. *Antal, supra* at 242. Rather, all that is required is a subjective belief by the plaintiff that there is reason to believe that a malpractice claim exists. *Id.*; *Griffith, supra* at 587.

For the above reasons, we conclude that plaintiff's claim was tardily filed and, therefore, was barred by the applicable period of limitation. Accordingly, the trial court erred in denying defendant's motion for summary disposition under MCR 2.116(C)(7). In light of our resolution of this issue, it is unnecessary to decide the other issue presented on appeal, whether venue was properly laid.

Reversed and remanded to the circuit court with directions that an order of summary disposition shall be entered in favor of defendant Mount Clemens General Hospital. We do not retain jurisdiction. Defendant-appellant may tax costs.